IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03327-KLM

MISTY D. WIGNALL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on the **Social Security Administrative Record** [#10],[2] filed March 16, 2015, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq.  On May 19, 2015, Plaintiff filed an Opening Brief [#13] (the "Brief"). Defendant filed a Response [#14] in opposition, and Plaintiff filed a Reply [#15].  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and

---

    [1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See* [#18, #21].

    [2] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

## I. Factual and Procedural Background

Plaintiff alleges that he became disabled at the age of thirty on May 1, 2011, due to borderline personality disorder, panic disorder, post-traumatic stress syndrome ("PTSD"), and anxiety. Tr. 248, 251.[3] As a result, Plaintiff filed an application for disability insurance benefits under Title II and an application for supplemental security income under Title XVI. Tr. 218-30. On July 18, 2013, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 31.

The ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2014, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 1, 2011, the alleged onset date. Tr. 22. The ALJ found that Plaintiff suffers from four severe impairments: (1) bipolar II disorder, (2) PTSD, (3) alcohol dependence in remission, and (4) schizoaffective disorder. Tr. 22. However, the ALJ also found that Plaintiff does not have an impairment or combination of impairments which meet or medically equals "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 23. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with three

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 10-9, 10-10, and 10-11 by the sequential transcript numbers instead of the separate docket numbers.

nonexertional limitations, i.e., that she is limited to: (1) "work requiring uninvolved 3 to 4 step tasks only;" (2) independent work "with no close coordination with others;" and (3) "only brief, incidental and occasional contact with the general public." Tr. 24-25. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work, but found that there are jobs which exist in significant numbers in the national economy which Plaintiff can perform, including the representative occupations of cheese sprayer, chicken farm laborer, and industrial cleaner. Tr. 29-30. He therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 31. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically

acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel,* 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#13] at 5. Specifically, Plaintiff argues that: (1) the ALJ erred by failing to properly evaluate the medical evidence and medical source opinions; (2) the ALJ erred by failing to consider all of Plaintiff's medically determinable impairments; (3) the ALJ erred in his assessment of Plaintiff's credibility; and (4) the ALJ's step five determination is not supported by substantial evidence. *Id.* at 2.

**A.   Credibility**

Plaintiff argues that the ALJ erred in his adverse credibility determination with respect to Plaintiff. *Brief* [#13] at 22-29.

An ALJ's credibility findings are entitled to "particular deference." *Wahpekeche v. Colvin*, __ F. App'x __, __, No. 15-6060, 2016 WL 537248, at *1 (10th Cir. Feb. 11, 2016) (citing *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001)). "Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion." *Wahpekeche*, 2016 WL 537248, at *1 (quoting *White*, 287 F.3d at 910). However, an ALJ's decision must still "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Wahpekeche*, 2016 WL 537248, at *1 (quoting SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996)).

In addition to the objective medical evidence, the factors which should be considered when assessing a claimant's credibility include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors which precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medications, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 96-7p, 1996 WL 347186, at *3; *Luna v. Bowen*, 834 F.2d

161, 163-64 (10th Cir. 1987). The ALJ must link these factors to evidence but is not required to perform "a formalistic factor-by-factor recitation of the evidence." *Wahpekeche*, 2016 WL 537248, at *2 (citing *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004); quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). "In evaluating the ALJ's analysis, we do not require technical perfection, but are guided by common sense." *Wahpekeche*, 2016 WL 537248, at *2 (citing *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012)).

>The ALJ discussed Plaintiff's credibility as follows:
>
>The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms, limitations, and social functioning, which weakens the credibility of her allegations. The claimant reported that she is able to perform household chores, attend church, shop in stores, and spend time with others on the telephone, computer and in person, which does not suggest that her symptoms are as limiting as the claimant has alleged in connection with this application.
>
>. . . [Plaintiff] went to the hospital and claimed that she had [a blackout spell] while seeing the consultative examin[er]. However, the consultative examiner mentioned nothing of this, other than to say that she had these episodes. The claimant claims that she blacks out while standing and walking and has struck her head on hard surfaces, like pavements. However, there is no evidence in the record of medical care for head trauma to verify this allegation, and the undersigned does not find it plausible that the claimant would sustain blunt force trauma to the head on several occasions without at least one emergency room visit or follow up with a primary care provider. Despite her allegation that her blackout episodes occur without warning numerous times during the day, she reported that she is able to get her kids ready for school daily and painted a room for 36 hours straight, if the medical evidence of record is to be believed. Additionally, the claimant's description of the visage she encounter[s] during these spells has evolved from a "demon" to popular culture figure "Freddie Kruger," and the claimant's changing description of the figure also calls into question the veracity of her allegations. For these reason[s], the claimant is found to be not fully credible.

Tr. 28-29 (internal citation omitted).

Plaintiff's arguments concern whether substantial evidence supports the ALJ's

credibility determination. *See Brief* [#13] at 25-29. Plaintiff states that "the ALJ erred by failing to properly consider the medical evidence and medical source opinions, the combined effects of all of [Plaintiff's] impairments, and failed to properly consider her subjective complaints." *Id.* at 28. In short, Plaintiff appears to argue that the ALJ erred by mischaracterizing and/or ignoring evidence favoring Plaintiff. However, the Court must "decline [Plaintiff's] invitation to reweigh the evidence to substitute our judgment for that of the Commissioner" when the ALJ has utilized the correct legal standards in his credibility finding. *Harper v. Colvin*, 528 F. App'x 887, 892 (10th Cir. 2013) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). "[W]e will not upset an ALJ's credibility determination that is closely and affirmatively linked to substantial evidence . . . ." *Sitsler v. Astrue*, 410 F. App'x 112, 118 (10th Cir. 2011). The ALJ is not required to discuss every piece of evidence he considers. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). He is only required to explain and support with substantial evidence which of a claimant's testimony he did not believe and why. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002). Here, based on the Court's review of the ALJ's credibility determinations, the Court finds that the ALJ did precisely what was required by identifying a number of inconsistencies in the record in connection with Plaintiff's statements. *See Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (stating that "[i]nconsistencies are a reasonable basis upon which to find a claimant not credible"). Although Plaintiff appears to want the ALJ to perform "a formalistic factor-by-factor recitation of the evidence," this is not what is required. *See Wahpekeche*, 2016 WL 537248, at *2.

Accordingly, the Court finds no reversible error in connection with the ALJ's credibility determination.

**B.     The Medical Opinions**

Plaintiff argues that the ALJ erred in his assessment of the record's medical opinions. She argues that the ALJ mis-weighed the opinions of Jin Soofi, M.D. ("Dr. Soofi"), Ronald Cantone, Psy.D. ("Dr. Cantone"), and Jerry Doke, Ph.D. ("Dr. Doke"). Dr. Soofi is a treating physician, and Dr. Cantone and Dr. Doke are examining physicians.

An ALJ must give the opinion of a treating physician controlling weight only when it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's medical opinion is not entitled to controlling weight, however, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001); 20 C.F.R. § 404.1527(c). Although the six factors listed above are to be considered in weighing medical opinions, the Court does not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator

gave to the treating source's medical opinion and the reasons for that weight.'" *Oldham*, 509 F.3d at 1258 (quoting *Watkins*, 350 F.3d at 1300).

In connection with Dr. Soofi's opinion, the ALJ commented:

> In June 2013, Ji[n] Soofi, M.D., also completed a mental residual functional capacity questionnaire, finding that the claimant had extreme limitations in her activities of daily living; her ability to maintain social functioning; and sustain concentration, persistence or pace. Four or more episodes of decompensation were noted. Dr. Soofi opined that the claimant would likely be absent from work more than 4 days per month as a result of her psychologically based symptoms. Little weight is given to the psychiatric evaluator[ ] . . . Dr. Soofi, as [she] give[s] much credence to the claimant's subjective complaints. . . .
>
> The record contains a post-hearing brief, which summarizes Dr. Soofi's opinion, and notes that it is consistent with the medical evidence of record. The undersigned has considered the brief, but does not agree. Dr. Steffens said that the claimant's "blackout" spells were not neurological in any way, shape or form.

Tr. 28 (internal citations omitted).

The ALJ's two stated reasons for discounting Dr. Soofi's opinion are not legitimate. First, the ALJ noted an apparent discrepancy between Dr. Soofi's mental examination of Plaintiff and Dr. Steffens' finding that Plaintiff's blackout spells were not neurological. Tr. 28. However, these opinions are not inconsistent. Neurological issues are considered physical impairments. *See, e.g.*, 20 C.F.R. pt. 404, subpt. P, appx. 1 § 1.00.D ("The physical examination must include a detailed description of the rheumatological, orthopedic, neurological, and other findings appropriate to the specific impairment being evaluated."); *Blake v. Colvin*, No. 14-CV-372-PJC, 2015 WL 3903497, at *1 n.1 (N.D. Okla. June 25, 2015) ("Because [the claimant's] appeal is based solely on two issues stemming from diabetes and neuropathy, the undersigned has summarized only the relevant portions of the physical medical records. Mental health records have not been summarized."); *Logan*

-11-

*v. Colvin*, No. 13-cv-00767-LTB, 2014 WL 6617051, at *6 (D. Colo. Nov. 21, 2014) (summarizing physician's "physical examination, which revealed full range of motion of the lumbar and thoracic spine and a normal gait, normal sensation, and normal neurological findings"). Dr. Steffens' physical examination of Plaintiff "reveal[ed] an intact neurological examination." Tr. 686. Regarding the blackout spells (which he termed "'spells' of depersonalization"), he stated: "These do not represent epileptic events and we can be as certain of that as we ever can in medical practice. We can be quite certain that these do not represent narcolepsy or cataplexy. No other defined neurologic disease does this. These are clearly a psychiatric issue." Tr. 686-87. Dr. Steffens therefore concluded that he would "leave [Plaintiff] in Dr. Soofi's capable care for helping with her depersonalization. She can follow up as needed but currently I do not have a whole lot else to offer." Tr. 687. Thus, in short, the lack of a neurological cause, as determined by Dr. Steffens, is not inconsistent with Dr. Soofi's determination that Plaintiff's impairments were psychologically-based.

Second, the Tenth Circuit Court of Appeals has stated that, "[t]he ALJ cannot reject [a physician's] opinion solely for the reason that it was based on [the claimant's] responses because such rejection impermissibly substitutes [his] judgment for that of [the physician]." *Thomas v. Barnhart*, 147 F. App'x 755, 760 (10th Cir. 2005) (stating that ""[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements"). Plaintiff argues that the ALJ erred by discounting Dr. Soofi's opinion because of heavy reliance on subjective statements made by Plaintiff during the examination. The Court agrees with this argument. "The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements." *Id.* at 759. "The ALJ's approach of rejecting

-12-

[Dr. Soofi's] opinion because [she] based it, in part, on [Plaintiff's] responses to [her] psychological tests . . . impermissibly put the ALJ in the position of judging a medical professional on the assessment of medical data." *Id.* at 759-60 (citing *Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996)).

Defendant argues that the ALJ did not err here because he elsewhere found that Plaintiff's complaints were not fully credible. *See, e.g., Response* [#14] at 14 n.8. However, the missing link in the ALJ's analysis is that the ALJ's credibility findings are not tied to the statements made by Plaintiff to Dr. Soofi. The ALJ does refer to treatment notes from Dr. Soofi's June 2013 evaluation of Plaintiff, which stated that "despite her complaint of significant depression, she did not look very depressed. She has a fixed smile. Her speech was spontaneous, and her thought processes were lucid and well organized." Tr. 27 (citing Tr. 689). However, he does not tie this statement to his credibility findings. *See* Tr. 28-29. Even if the Court construes this statement as pertaining to the ALJ's credibility findings, the ALJ may not reject Dr. Soofi's opinion solely for this reason. For example, in *Boucher v. Astrue*, 371 F. App'x 917, 924 (10th Cir. 2010), the Tenth Circuit Court of Appeals approved of the district court's holding that "[i]t was not error for the ALJ to . . . use [the conclusion that the claimant was less than fully credible] as one factor among several in reaching a secondary finding that [the treating physician's] opinion should be given less than controlling weight." Here, however, the Court is left with only the ALJ's insufficient statement regarding Plaintiff's credibility as it directly pertains to Dr. Soofi. In other words, there are simply no substantial ties between the ALJ's credibility determination and any of the statements Plaintiff made to Dr. Soofi. Thus, substantial evidence does not underlie the ALJ's determination that Dr. Soofi's opinion should be given "little weight" solely

because Dr. Soofi credited Plaintiff's subjective complaints. *See also Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (stating that an ALJ's decision to assign little weight to an opinion "operate[s] as the equivalent of a rejection of the opinion").

To be clear, the Court makes no comment regarding whether Dr. Soofi's opinion should, in fact, be given greater weight than given by the ALJ in his decision. The Court only finds that the ALJ's *stated* reasons are insufficient to support the conclusion that Dr. Soofi's opinion is entitled to little weight. To the extent Defendant asserts other reasons as to why Dr. Soofi's medical opinion is not entitled to weight, such reasons are impermissible post hoc rationalizations not explicitly or implicitly stated by the ALJ. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (stating that judicial review is limited to the reasons stated in the ALJ's decision); *Allen v. Barnhart*, 537 F.3d 1264, 1267 (10th Cir. 2008) (stating that a magistrate judge's post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance).

The ALJ must of course consider all medical opinions in the record and discuss the weight assigned to each opinion. *See* 20 C.F.R. §§ 404.1527(c), 404.1527(e)(2)(ii), 416.927(c), 416.927(e)(2)(ii). Because Dr. Soofi was a treating physician, and because the opinions of treating physicians are generally given controlling weight, *see Watkins*, 350 F.3d at 1300, the re-evaluation of this opinion may necessarily result in a re-evaluation of the opinions of non-treating physicians. For example, the ALJ gave "some weight" to the opinion of Dr. Doke, an examining physician. Tr. 27. "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least

weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(1), (2); 20 C.F.R. § 416.927(1), (2); SSR 96–6p, 1996 WL 374180, at *2). Changing the weight accorded to Dr. Soofi's opinion therefore may require altering the weight given to Dr. Doke's opinion. Similarly, the ALJ did not mention the medical opinion of examining physician Dr. Cantone,[4] and changing the weight accorded to Dr. Soofi's opinion may require the ALJ to also weigh Dr. Cantone's opinion.[5]

Finally, the Court notes that the ALJ rejected the opinion of Ms. Koepnick, a mental health counselor, on the basis that she, like Dr. Soofi, apparently gave "much credence to the claimant's subjective complaints." Tr. 28. A mental health counselor is not an "acceptable medical source" under the applicable regulations. *See Knight v. Astrue*, 388 F. App'x 768, 772 (10th Cir. 2010) (citing 20 C.F.R. § 416.913(a)). "Instead, [s]he is classified as an "other source" whose evidence can be considered to show the severity of a claimant's impairment and how it affects [her] ability to work. *Knight*, 388 F. App'x at 772

---

[4] The ALJ did once cite to Dr. Cantone's report as part of a string citation, but he did not mention Dr. Cantone by name, and the ALJ's adjoining statement appears to refer solely to a June 2013 examination of Plaintiff, while Dr. Cantone had assessed Plaintiff in May 2012. Tr. 27, 501. There does not appear to have been any further evaluation of Dr. Cantone's opinion anywhere in the ALJ's decision.

[5] Defendant argues that it was a case of harmless error for the ALJ not to specifically address Dr. Cantone's opinion, because the ALJ need not do so where the omitted medical opinion does not contradict the ALJ's RFC finding. *See Akers v. Colvin*, 556 F. App'x 754, 758 (10th Cir. 2014) (citing *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014)) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."); *see also Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). The Court makes no finding with respect to whether Dr. Cantone's opinion is consistent with the RFC finding. Even if Defendant is correct, however, if the re-evaluation of Dr. Soofi's opinion causes the ALJ to adjust his RFC finding, then the ALJ may be required to address Dr. Cantone's opinion and whether it should be assigned any weight.

(citing 20 C.F.R. § 416.913(d)).  Opinion evidence from "other sources" such as Ms. Kopenick is evaluated using factors such as how long she has known and how frequently she has seen Plaintiff, how consistent her opinion is with other evidence, the degree to which she presents relevant evidence to support an opinion, how well she explains the opinion, whether she has a specialty or area of expertise related to Plaintiff's impairments, and any other factors that tend to support or refute her opinion.  *See Knight*, 388 F. App'x at 772 (citing 20 C.F.R. § 416.927(d); S.S.R. 06–03p, 2006 WL 2329939, at *4-5 (Aug. 9, 2006)).  Thus, for the same reasons discussed above in association with Dr. Soofi's opinion, the ALJ's rejection of Ms. Koepnick's opinion for the sole reason that she credited Plaintiff's subjective complaints, without more, is reversible error.

Based on the foregoing, the Court must remand to the ALJ for a proper evaluation of the medical opinions.  Even though the Court does not insist on "technical perfection" in an ALJ's Decision, the Court must be able to follow the ALJ's reasoning.  *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  Here, the Court is unable to do so, and therefore this case must be remanded for further proceedings.[6]

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent

---

[6] The Court does not reach Plaintiff's remaining arguments, as they may be impacted by the ALJ's review of the issues on remand.  For example, granting greater weight to medical opinions supporting Plaintiff's migraine complaints could possibly require the ALJ to re-evalute those complaints.

with this opinion.[7]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). See Knuutila v. Colvin, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 (D. Colo. Aug. 31, 2015).

Dated: March 31, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[7] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. See Nielson v. Sullivan, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. See, e.g., Knuutila v. Colvin, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 n.5 (D. Colo. Aug. 31, 2015).